IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

TRACY STEWART,

      Plaintiff,                            No. CIV S-06-1333 RRB GGH P

   vs.

KEITH HIGGINS, et al.,

      Defendants.                   <u>FINDINGS AND RECOMMENDATIONS</u>

_____/

        Plaintiff, a state prisoner proceeding pro se and in forma pauperis, seeks relief pursuant to 42 U.S.C. § 1983. By Order, filed on 11/07/06, this court found that plaintiff had set forth cognizable claims as to two defendants, but dismissed plaintiff's claims against four others. Plaintiff was given thirty days to amend the complaint. Plaintiff was subsequently, by Order filed on 1/03/07, granted a thirty-day extension of time to file an amended complaint. Plaintiff then filed a letter on 1/31/07, declining to amend the complaint, even with the extension of time, as a result of difficulties he faced. In a later filing, plaintiff stated that he believed he was being subjected to harassment/retaliation for the filing of this action, strongly implying that he only refused to amend due to being denied adequate law library time. Thereafter, plaintiff was liberally granted one further opportunity to file amended complaint. See Order, filed on 5/31/07.

\\\\\

As plaintiff has been previously informed, the court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are legally "frivolous or malicious," that fail to state a claim upon which relief may be granted, or that seek monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1),(2).

A claim is legally frivolous when it lacks an arguable basis either in law or in fact. Neitzke v. Williams, 490 U.S. 319, 325 (1989); Franklin v. Murphy, 745 F.2d 1221, 1227-28 (9th Cir. 1984). The court may, therefore, dismiss a claim as frivolous where it is based on an indisputably meritless legal theory or where the factual contentions are clearly baseless. Neitzke, 490 U.S. at 327. The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. See Jackson v. Arizona, 885 F.2d 639, 640 (9th Cir. 1989); Franklin, 745 F.2d at 1227.

A complaint must contain more than a "formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient to "raise a right to relief above the speculative level." Bell Atlantic Corp. v. Twombly, __ U.S. __, 127 S. Ct. 1955, 1965 (2007). "The pleading must contain something more...than...a statement of facts that merely creates a suspicion [of] a legally cognizable right of action." Id., quoting 5 C. Wright & A. Miller, Federal Practice and Procedure 1216, pp. 235-235 (3d ed. 2004). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hospital Bldg. Co. v. Rex Hospital Trustees, 425 U.S. 738, 740 (1976), construe the pleading in the light most favorable to the plaintiff, and resolve all doubts in the plaintiff's favor. Jenkins v. McKeithen, 395 U.S. 411, 421 (1969).

Plaintiff's subsequent amended complaint, consisting, with exhibits, of nearly 200 pages (194 to be precise), fails altogether to cure the defects of the original complaint. That, in itself, constitutes a violation of Fed. R. Civ. P. 8. Fed. R. Civ. P. 8 sets forth general rules of

1  pleading in the federal courts.  Complaints are required to set a forth (1) the grounds upon which
2  the court's jurisdiction rests, (2) a short and plain statement of the claim showing entitlement to
3  relief; and (3) a demand for the relief plaintiff seeks.  Even if the factual elements of the cause of
4  action are present, but are scattered throughout the complaint and are not organized into a "short
5  and plain statement of the claim," dismissal for failure to satisfy Rule 8(a)(2) is proper.
6  McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (stating that a complaint should set forth
7  "who is being sued, for what relief, and on what theory, with enough detail to guide discovery."
8  A complaint that fails to comply with rules 8(a) and 8(e) may be dismissed with prejudice
9  pursuant to Fed. R. Civ. P. 41(b).  Rule 8; Nevijel v. North Coast Life Ins. Co., 651 F.2d 671,
10  673 (9th Cir. 1981)).  Further,  "[t]he propriety of dismissal for failure to comply with Rule 8
11  does not depend on whether the complaint is wholly without merit," McHenry 84 F.3d at 1179.

12           Moreover, plaintiff fails in his amended complaint to incorporate the colorable
13  claims set forth in the original complaint.  In addition, in general he seeks to implicate a plethora
14  of new defendants for allegations unrelated to those of his underlying complaint, which concerns
15  a pepper spraying incident in July, 2005, at California State Prison (CSP)-Folsom.  For example,
16  plaintiff has evidently subsequently been moved back and forth from CSP-Folsom to California
17  Correctional Institution (CCI)-Tehachapi, but is now located at CCI-Tehachapi, and seeks to add,
18  inter alia, a mailroom supervisor there as a defendant because some of plaintiff's legal mail was
19  delivered to him opened.   He raises claims concerning his legal property, personal property and
20  medical care (or lack thereof) at either Folsom, Tehachapi or both.  Moreover, plaintiff states that
21  he is still in the process of seeking administrative remedies as to his claims against the Tehachapi
22  defendants.  Amended Complaint, p. 17.

23           In asserting a litany of multiple unrelated claims against different defendants,
24  plaintiff presents the kind of "mishmash of a complaint" that has been roundly repudiated.
25  George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) ("[u]nrelated claims against different
26  defendants belong in different suits").  The court will now recommend dismissal of defendants

Roy Ulatan, B. Kukrall, S. Shannon, V. Garcia from the original complaint for the reasons set forth in the Order, filed on 11/07/06.

Liberality in granting a plaintiff leave to amend "is subject to the qualification that the amendment not cause undue prejudice to the defendant, is not sought in bad faith, and is not futile." Thornton v. McClatchy Newspapers, Inc., 261 F.3d 789, 799 (9th Cir. 2001), quoting Bowles v. Reade, 198 F.3d 752, 757 (9th Cir.1999). Because plaintiff was granted an extended period of time to cure the defects of certain of his allegations in the original complaint and has wholly failed to do so, the court will also recommend dismissal of the amended complaint without further leave to amend. By a concurrently filed Order, the court has found plaintiff's original complaint appropriate for service upon two defendants.

Accordingly, IT IS HEREBY RECOMMENDED that:

1. For the reasons set forth in the Order, filed on November 7, 2006, defendants Roy Ulatan, B. Kukrall, S. Shannon, V. Garcia be dismissed from the original complaint;

2. For the reasons set forth above, plaintiff's first amended complaint, filed on July 2, 2007 (# 22), be dismissed without further leave to amend;

3. This matter proceed on the original complaint, filed on June 16, 2006, only as to defendants Keith Higgins and Tevin Tiang Trong.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, plaintiff may file written objections with the court. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Plaintiff is advised that failure to file objections

\\\\\
\\\\\
\\\\\
\\\\\

within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: 03/07/08                                  /s/ Gregory G. Hollows

                                                 _____
                                                 GREGORY G. HOLLOWS
                                                 UNITED STATES MAGISTRATE JUDGE

GGH:009
stew1333.fr